UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IZZAT NAZAR

                        Petitioner,

          -against-

WARDEN,

                        Respondent.

23-CV-3798 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner is currently detained at the Vernon C. Bain Center on Rikers Island in connection with criminal charges pending against him in the Supreme Court of the State of New York, New York County. He brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging his detention pending trial. By order dated May 5, 2023, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP). The Court directs Petitioner to file an amended petition within 60 days of the date of this order as detailed below.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of

procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings this petition for a writ of *habeas corpus* petition alleging that he is being detained illegally during the pendency of his criminal proceedings in New York County on robbery charges. The following facts are drawn from the petition.

Petitioner faces criminal charges under Indictment Number 41263/2021, arising from a robbery involving a pair of socks allegedly taken from the T.J. Maxx store on Wall Street. (ECF 2 at 1.) Petitioner contends that the bail that was initially set for him was "illegal under the Bail Reform Act," but he was nevertheless released on bail (*Id.* at 2.) During this period while Petitioner was not in detention, his defense counsel failed to schedule a mental health examination for him under N.Y. Criminal Procedure Law § 730.

On August 25, 2022, Petitioner was remanded to custody. One reason that the court articulated for doing so was to permit the Section 730 examination to take place. Petitioner now has "fulfilled that objective," and was found "fit" to proceed. (*Id.* at 2, 4.) The court's second reason for remanding Petitioner is that he had missed an appearance, and the court found that he had absconded, which Petitioner argues was an erroneous conclusion. Petitioner explains that, at some point, a "clerk" incorrectly told Petitioner that he had an appearance scheduled on the 25th day of an unidentified month – not the 24th day of the month; this caused him to miss the court appearance. Even though Petitioner had "willfully been appearing" until this mix-up, he was found to have absconded.

Petitioner seems to argue that revoking his bail and remanding him to custody violated his rights, among other reasons, because (1) the initial decision to require him to post bail was unlawful; and (2) remanding him for missing an appearance is unlawful because it is harsher

than the penalties permitted under the guidelines for violations of supervised release or probation. Petitioner seeks immediate release.

## DISCUSSION

A petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is the appropriate vehicle for a pretrial detainee to seek release on the grounds that he is in custody in violation of the Constitution of the United States or federal law. *See, e.g.*, *Clemente v. Conn.*, No. 3:21-CV-0408, 2022 WL 527757, at *1 (D. Conn. Jan. 27, 2022); *Fullwellen v. City of New York*, No. 21-CV-7219, 2021 WL 4940984, at *1 (S.D.N.Y. Sept. 14, 2021); *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082, 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

Before seeking relief in the federal courts through a Section 2241 *habeas corpus* petition, a petitioner first must exhaust his available state court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through one complete round of the state's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

Here, it is not clear what challenge to his detention Petitioner is making that is based on federal law or the U.S. Constitution. *See* 28 U.S.C. § 2241(c)(3) (relief is available under Section 2241 only on the ground that petitioner "is in custody in violation of the Constitution or laws or treaties of the United States").

It is also unclear from the allegations of the petition whether Petitioner has raised his federal challenge to his detention in the state court, or has fully exhausted such grounds for relief by appealing to the highest state court available. The petition thus does not show that Petitioner has exhausted his state court remedies.[1]

## LEAVE TO AMEND PETITION

Petitioner proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented party an opportunity to amend, unless amendment would be futile, *see Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), and it is not clear that it would be futile to grant Petitioner leave to submit an amended petition. Should Petitioner decide to file an amended petition, he must identify his federal grounds for relief and detail the steps he has taken to exhaust such grounds in his ongoing criminal proceedings. If he is unable to exhaust his grounds in the state courts, he must state facts explaining the reasons why he is unable to do so. Petitioner is advised that an amended petition will completely replace the original petition.

## CONCLUSION

The Court grants Petitioner leave to file, within 60 days, an amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 containing the information specified above. The amended

---

[1] Petitioner may be in the process of exhausting his federal constitutional grounds for relief by raising them in the state courts; if so, a Section 2241 petition is premature.

petition must be submitted to the Pro Se Intake Unit, be captioned as an "Amended Petition," and bear the same docket number as this order. Once submitted, the amended petition will be reviewed, and if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied without prejudice. No order to answer will issue at this time. An Amended Petition Under 28 U.S.C. § 2241 form is attached to this order.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 20, 2023
       New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# AMENDED PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 Instructions

1. **Who Should Use This Form**. You should use this form if
   - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
   - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
   - you are alleging that you are illegally detained in immigration custody.

2. **Who Should Not Use This Form**. You should not use this form if
   - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
   - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
   - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3. **Preparing the Petition**. The petition must be typed or neatly written, and you must sign and date it under penalty of perjury. **A false statement may lead to prosecution.**

   All questions must be answered clearly and concisely in the space on the form. If needed, you may attach additional pages or file a memorandum in support of the petition. If you attach additional pages, number the pages and identify which section of the petition is being continued. Note that some courts have page limitations. All filings must be submitted on paper sized 8½ by 11 inches. **Do not use the back of any page.**

4. **Supporting Documents**. In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

5. **Required Filing Fee**. You must include the $5 filing fee required by 28 U.S.C. § 1914(a). If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

6. **Submitting Documents to the Court**. Mail your petition and _____ copies to the clerk of the United States District Court for the district and division in which you are confined. For a list of districts and divisions, see 28 U.S.C. §§ 81-131. All copies must be identical to the original. Copies may be legibly handwritten.

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

7. **Change of Address**. You must immediately notify the court in writing of any change of address. If you do not, the court may dismiss your case.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| _____<br>*Petitioner*<br><br>v.<br><br>_____<br>*Respondent*<br>*(name of warden or authorized person having custody of petitioner)* | )<br>)<br>)<br>)<br>)<br>)  Case No. _____<br>)        *(Supplied by Clerk of Court)*<br>)<br>)<br>) |

**PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**Personal Information**

1. (a) Your full name: _____
   (b) Other names you have used: _____
2. Place of confinement:
   (a) Name of institution: _____
   (b) Address: _____
   
   (c) Your identification number: _____
3. Are you currently being held on orders by:
   ❏ Federal authorities         ❏ State authorities         ❏ Other - explain:
   _____

4. Are you currently:
   ❏ A pretrial detainee (waiting for trial on criminal charges)
   ❏ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
         (a) Name and location of court that sentenced you: _____
         
         (b) Docket number of criminal case: _____
         (c) Date of sentencing: _____
   ❏ Being held on an immigration charge
   ❏ Other *(explain)*: _____
   _____

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

   ❐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

   ❐ Pretrial detention

   ❐ Immigration detention

   ❐ Detainer

   ❐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

   ❐ Disciplinary proceedings

   ❐ Other *(explain)*: _____

6. Provide more information about the decision or action you are challenging:

   (a) Name and location of the agency or court: _____

   (b) Docket number, case number, or opinion number: _____

   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

   _____

   (d) Date of the decision or action: _____

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

   Did you appeal the decision, file a grievance, or seek an administrative remedy?

   ❐ Yes        ❐ No

   (a) If "Yes," provide:

      (1) Name of the authority, agency, or court: _____

      (2) Date of filing: _____
      (3) Docket number, case number, or opinion number: _____
      (4) Result: _____
      (5) Date of result: _____
      (6) Issues raised: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

     (b)  If you answered "No," explain why you did not appeal:

8. **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?

   ❏ Yes          ❏ No

   (a)  If "Yes," provide:

       (1)  Name of the authority, agency, or court:

       (2)  Date of filing:
       (3)  Docket number, case number, or opinion number:
       (4)  Result:
       (5)  Date of result:
       (6)  Issues raised:

   (b)  If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?

   ❏ Yes          ❏ No

   (a)  If "Yes," provide:

       (1)  Name of the authority, agency, or court:

       (2)  Date of filing:
       (3)  Docket number, case number, or opinion number:
       (4)  Result:
       (5)  Date of result:
       (6)  Issues raised:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (b)  If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ❒ Yes        ❒ No

    If "Yes," answer the following:

    (a)  Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

        ❒ Yes        ❒ No

        If "Yes," provide:

        (1) Name of court: _____
        (2) Case number: _____
        (3) Date of filing: _____
        (4) Result: _____
        (5) Date of result: _____
        (6) Issues raised: _____

    (b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

        ❒ Yes        ❒ No

        If "Yes," provide:

        (1) Name of court: _____
        (2) Case number: _____
        (3) Date of filing: _____
        (4) Result: _____
        (5) Date of result: _____
        (6) Issues raised: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

11. **Appeals of immigration proceedings**

    Does this case concern immigration proceedings?

    ❐ Yes          ❐ No

        If "Yes," provide:

    (a)    Date you were taken into immigration custody: _____

    (b)    Date of the removal or reinstatement order: _____

    (c)    Did you file an appeal with the Board of Immigration Appeals?

        ❐ Yes          ❐ No

        If "Yes," provide:

        (1) Date of filing: _____

        (2) Case number: _____

        (3) Result: _____

        (4) Date of result: _____

        (5) Issues raised: _____

    (d)    Did you appeal the decision to the United States Court of Appeals?

        ❐ Yes          ❐ No

        If "Yes," provide:

        (1) Name of court: _____

        (2) Date of filing: _____

        (3) Case number: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

   (4) Result:

   (5) Date of result:

   (6) Issues raised:

12. **Other appeals**

    Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

    ❏ Yes      ❏ No

    If "Yes," provide:

    (a) Kind of petition, motion, or application:

    (b) Name of the authority, agency, or court:

    (c) Date of filing:

    (d) Docket number, case number, or opinion number:

    (e) Result:

    (f) Date of result:

    (g) Issues raised:

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

    **GROUND ONE**:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground One in all appeals that were available to you?
❏ Yes          ❏ No

**GROUND TWO**: 

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Two in all appeals that were available to you?
❏ Yes          ❏ No

**GROUND THREE**: 

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Three in all appeals that were available to you?
❏ Yes          ❏ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**:

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
❏ Yes          ❏ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15. State exactly what you want the court to do:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: _____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _____

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*