UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IZZAT NAZER,

                Petitioner,

        -against-

WARDEN,

                Respondent.

23-CV-3798 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently detained at the Vernon C. Bain Center (VCBC), is proceeding *pro se* and *in forma pauperis*. He brings this amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, seeking release from pretrial detention. Petitioner contends that the state court's May 4, 2023 order, changing his prior release conditions and setting bail at $30,000, violates his rights under the Eighth Amendment and state law. For the reasons set forth below, the petition is denied.

## STANDARD OF REVIEW

      The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United*

*States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner Izzat Nazer is currently a pretrial detainee held at VCBC. He faces pending criminal charges in the Supreme Court of the State of New York, New York County, under Indictment Number 71263-21. Petitioner describes these proceedings as involving robbery charges based on a pair of socks allegedly taken from the T.J. Maxx store on Wall Street. (ECF 5 at 12.) Petitioner had a mental health examination, under N.Y. Criminal Procedure Law § 730, and he was eventually found fit to proceed. Petitioner indicates that he was "initially released on" his own recognizance but, following "an arrest" and an unintentionally "missed court" appointment, a new bail order issued on May 4, 2023. That order directed that Petitioner be detained, with bail set at $30,000. (*Id*, at 2, 7.) Petitioner's defense counsel "refused to move for [a] reduction of bail," and Petitioner filed his own *pro se* motion, which was denied. (*Id.* at 13.)

The following day, on May 5, 2023, Petitioner appealed the bail determination to the Appellate Division, First Department. He argued that he was subjected to "excessive bail" and sought "supervised release [with] non-monetary release conditions." (*Id.* at 2.) Petitioner's appeal from the bail decision remains pending. (*Id.*) He states that "the Appellate Division . . . is hopefully in the process of scheduling a hearing for the appeal from the order setting bail." (*Id.* at 16.)

In his amended petition, Petitioner asks the Court to "issue a writ for [his] release." (*Id.* at 8.) He further contends that the state court has "completely ignore[ed]" his motions asserting that his counsel is ineffective and asks the Court to "[r]eview the process for possible fraud on

behalf of the court in the 730 order of examination."[1] (*Id.*) In addition to his Eighth Amendment challenge to the May 2023 order imposing $30,000 bail, Petitioner argues that, under state law, money bail cannot be imposed for the criminal charges he faces. (*Id.* at 15.)

## DISCUSSION

A petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 can be an appropriate vehicle for a pretrial detainee to seek release on the grounds that he is in custody in violation of the Constitution of the United States or federal law. *See, e.g.*, *Clemente v. Conn.*, No. 3:21-CV-0408, 2022 WL 527757, at *1 (D. Conn. Jan. 27, 2022); *Fullwellen v. City of New York*, No. 21-CV-7219, 2021 WL 4940984, at *1 (S.D.N.Y. Sept. 14, 2021); *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082, 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

Before seeking relief in the federal courts through a Section 2241 *habeas corpus* petition, a petitioner first must exhaust his available state court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). A petitioner may satisfy the exhaustion requirement by fairly presenting his

---

[1] Petitioner also stated that he was granted "new counsel after being found unfit & ordered to be committed." (ECF 5 at 8.) That commitment "lasted 7-8 months," and took place before the new bail order issued. (*Id.* at 11.) On June 22, 2023, Petitioner "fired" his defense counsel. (*Id.* at 13.)

federal constitutional claims through one complete round of the state's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

Here, Petitioner challenges his pretrial detention pursuant to the May 4, 2023 order setting bail at $30,000. Although some decisions in this Circuit have indicated that "*Younger* abstention ordinarily applies to a state court's bail application proceedings," *Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014), a challenge to detention pending trial might be considered a claim seeking relief that is collateral to the criminal proceeding, *see, e.g.*, *Gerstein v. Pugh*, 420 U.S. 103, 108 (1975) (holding that federal court correctly did not abstain from hearing claims that plaintiffs were detained without hearings, because "[t]he order to hold preliminary hearings could not prejudice the conduct of the trial on the merits" and was directed "only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution"). Moreover, "the Eighth Amendment protection against excessive bail may only be vindicated prior to trial." *MacLean v. Lewin*, 2011 WL 2971771, at *4 (W.D.N.Y. July 20, 2011) (citing *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982)).

Here, Petitioner's appeal from the trial court's bail order is pending with the Appellate Division, First Department. Because it is plain on the face of the Amended Petition that Petitioner has not yet fully exhausted his state court remedies by pursuing one complete round of state court review, the Court cannot entertain this petition.

District courts generally grant a *pro se* plaintiff leave to amend a pleading to cure its defects, but leave to amend may be denied if the petitioner has already been given an opportunity to amend and has failed to cure the deficiencies. See *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in

Petitioner's amended petition cannot be cured with a further amendment, the Court declines to grant Petitioner another opportunity to amend.

## CONCLUSION

The amended petition, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed as unexhausted. Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall enter. SO ORDERED.

Dated: August 8, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge